HORATIO PRATT

v.

THEODORE H. BRYANT.

1. PRACTICE—APPEAL FROM A JUSTICE—SUMMONS TO APPELLEE.—Where, on appeal from a justice of the peace, the bond for appeal is filed with the clerk of the appellate court, and approved by him, summons should be issued to appellee and returned, as required by statute, or his written appearance must be entered therein, before the appellate court can acquire jurisdiction of the cause.

2. ERRONEOUS DISMISSAL OF APPEAL.—There having been no service upon the appellee, nor a return of two *nihils*, nor an appearance entered by the appellee in the manner authorized by statute, the court to which the appeal was taken had no jurisdiction to make any order in the case, and it was error to dismiss the appeal on the call of the docket, or to do any act other than to continue the case until the court acquired jurisdiction.

ERROR to the Circuit Court of Cook county; the Hon. W. K. MCALLISTER, Judge, presiding.

Mr. F. A. RIDDLE, for appellant.

MURPHY, P. J.—It appears that on the 5th day of April, A. D. 1876, the defendant in error recovered a judgment against the plaintiff in error for the sum of thirty-five dollars and costs, before D. H. Horne, a justice of the peace in Cook county, from which judgment he prayed an appeal to the Circuit Court of said county. It also appears that on the 25th day of the same month, he, the plaintiff in error, perfected said appeal by

entering into an appeal bond before the clerk of that court, and having the same approved by said clerk, as required by the statute in such cases. It appears that no steps were thereafter taken by either plaintiff or defendant, to cause to be filed in that court the transcript of the justice's docket, and the files pertaining to said case remaining in his hands; nor was any summons sued out of the Circuit Court, directed to the appellee, as required by the statute; but the cause appears to have been continued on the docket of the Circuit Court from term ·to term, without any further steps being taken to prepare it for trial, until the 14th day of March, 1878, when on that day it was reached for trial in the regular call of the docket for final disposition. No one appearing for either side, the court on its own motion dismissed said appeal for want of prosecution, and ordered a *procedendo* to the court below.

This order dismissing said appeal is assigned for error.

By section 65, chapter 79, of the Revised Statutes of 1874, it is provided that upon the filing and approval of the appeal bond the clerk shall issue * * * a summons to the appellee, to appear at the term of the court to which the appeal is returnable, which summons shall be served and returned as in other cases. By section 67 of the same chapter it is provided that when the appeal is taken by filing a bond with the clerk of the appellate court, and summons and alias summons have been duly issued against the appellee, and returned not found, it shall be lawful for the appellate court to proceed and try the appeal as if the appellee had been duly served with process. By section 68 it is provided that if the appeal is perfected by filing the papers and transcript of judgment, ten days before the commencement of the term of the court to which the appeal is taken, the appearance of the appellee may be entered in writing, and filed among the papers in the case, and if so entered ten (10) days before the first day of the term of court, the case shall stand for trial at that term.

The fact of service of summons on the appellee or the entry of his appearance, as provided by the statute, is a jurisdictional fact, and necessary to give the court jurisdiction of the appellee, and thus empower and authorize it to make an order dismissing

the appeal. There having been no service on the appellee in
this case, nor a return of two *nihils,* nor an appearance entered
by the appellee ten days before the commencement of the term
in the manner authorized by the statute, it was manifest error
to dismiss the appeal or do any other act in the case than to
continue it until the court acquired jurisdiction of the appellee
in the manner prescribed by the law. Camp v. Hogan, 73
Ills. 228.

The judgment of the court below is reversed and the cause
remanded. .

Judgment reversed.